UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.: 2016 CV 5295

KBM WORLDWIDE, INC

    Plaintiff,

vs.

VAPOR GROUP, INC.

    Defendants
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, VAPOR GROUP, INC., AND DROR SVORAI hereby answer the Complaint filed herein and state as follows:

1. Paragraph 2, 9, and 10 are admitted.

2. Defendants deny each and every remaining allegation of the Complaint.

## AFFIRMATIVE DEFENSES

As and for Affirmative Defenses, Defendants further allege:

3. The Complaint fails to state a cause of action upon which relief can be granted.

4. The Plaintiff alleges the parties entered into a settlement agreement, a copy of which is attached to the Complaint. As a result of said settlement agreement, any causes of action existing prior to the entry of said agreement, including all causes of action from the first to the seventh merged into the eighth cause of action, breach of settlement agreement, and have been extinguished thereby and Plaintiff should be precluded from suing thereunder.

5. The settlement agreement is a contract under the law and all prior negotiations, disagreements, or conflicts, merge into same.

6. Plaintiffs claim to have loaned Defendants $84,000.00 and are seeking payment of 150% of the amount of principal balance. Said amount is considered interest under the law and is

usurious.

7. Plaintiff have failed to allege that Defendant, DROR SVORAI acted *ultra vires* or in any capacity other than as a director and president of the corporate Defendant. Nowhere in the Complaint does it allege that the Defendant, Dror Svorai acted in an individual capacity.

8. Plaintiff claims in their second cause of action that they were fraudulently induced into the transaction, however, Plaintiff fails to set forth with particularly how said fraud occurred or set forth ultimate facts showing that said fraud occurred.

9. In its third cause of action, Plaintiff has failed to show how it lost profit added enable to acquire the shares and stocks sued upon. Plaintiff has failed to show, at what price the stocks could've been acquired, and at what price they could've been sold. In fact, had Plaintiff acquired the stock as alleged, they would've lost money.

10. With respect to the fourth cause of action, the action filed herein was completely unnecessary and litigation should've never taken place.

11. As to the fifth cause of action, Plaintiff have alleged that the Defendants "recklessly engaged in manipulation and deceptive conduct" however, they have failed to set forth same with particularly. They have failed to show how the stock was manipulated and what deceptive conduct occurred.

12. With respect to the sixth cause of action, injunctive and equitable relief, equitable relief is not applicable where there is a legal remedy. The fact that Plaintiff has sued for damages clearly shows that legal remedy exists and the count for injunctive and/or equitable relief should be dismissed.

### **DEMAND FOR ATTORNEYS FEES**

That the Defendants were obligated to retain the undersigned as its attorney and is obligated to pay a reasonable fee herein.

WHEREFORE, Defendants having fully answered the Complaint filed herein pray that same

be dismissed and this Honorable Court award court costs and attorney fees necessitated by having to defend this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was e-served on November 15, 2016 to: Richard S. Nadidich Esq. Nadidich Wurman LLP. 111 Great Neck Rd Suite 214, Great Neck, NY 11021, T: (516) 498-2900.

**NEUSTEIN LAW GROUP, P. A.**
*Attorneys for Defendants*
18305 Biscayne Boulevard, Suite 250
Aventura, FL  33160
T: (305) 531-2545  F: (305) 531-2365
Primary Email:     NLGLaw@yahoo.com
Secondary Email:   Marisol@neusteinlaw.com
Secondary Email:   JL@neusteinlaw.com

By: /s/ Nicole Moskowitz
       NICOLE MOSKOWITZ, Fla Bar No.: 56570